[No. 7585.   Decided January 16, 1909.]

JOHN S. KENDALL, *Appellant*, v. C. J. JOHNSON,
*Respondent.*[1]

EVIDENCE—PAROL EVIDENCE AFFECTING WRITING—INDEPENDENT CON
TRACTORS—MASTER AND SERVANT.   In an action against the principal
contractor on railroad construction work, for injuries sustained
from a blast set off by a subcontractor, it is competent for the plaintiff to show by oral evidence that the relation between the contractors was that of master and servant and that defendant had actual
control of the work, regardless of the terms of the written contract
between them.

MASTER AND SERVANT—RELATION—TERMS OF CONTRACT.   The terms
of a written contract held to constitute the relation of an independent contractor.

SAME — LIABILITY FOR ACTS OF INDEPENDENT CONTRACTOR — BLAST
ING.   A contractor on railroad work is, generally, not liable for injuries caused by a blast set off by an independent contractor to
whom part of the work had been sublet, where the work was not unlawful or the injury due to defective plans or methods, and the work
was being done in the mountains far from any human habitation,
and was not so inherently dangerous in itself that it would probably
result in injury to third persons.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered February 21, 1908, in favor of
the defendant by direction of the court, notwithstanding the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained from a blast.   Reversed.

*John T. Casey* (*Heber McHugh*, of counsel), for appellant, contended, among other things, that oral testimony was
admissible to show the relations subsisting between the respondent and the firm of Fred Johnson and Company. *Erickson v. McNeeley & Co.*, 41 Wash. 509, 84 Pac. 3; *Johnson v.
Tacoma Cedar Lumber Co.*, 3 Wash. 722, 29 Pac. 451; *Oriental Inv. Co. v. Barclay*, 25 Tex. Civ. App. 543, 64 S. W.
80; *Davis v. Bingham* (Tex. Civ. App.), 46 S. W. 840;

[1]Reported in 99 Pac. 310.

*Berkeson v. Kansas City Cable R. Co.*, 144 Mo. 211, 45 S.
W. 1119; *Poor v. Sears*, 154 Mass. 539, 28 N. E. 1046, 26
Am. St. 272; *Seattle Land Co. v. Day*, 2 Wash. 451, 27 Pac.
74; *Johnson v. Far West Lumber Co.*, 47 Wash. 492, 92
Pac. 274. A contractee cannot delegate the performance of
work which is intrinsically dangerous to an independent con-
tractor, so as to relieve himself from liability to the public
or third persons. 26 Cyc. 1559; *Cooper v. Seattle*, 16 Wash.
462, 47 Pac. 887, 58 Am. St. 46; *Covington etc. Bridge Co.
v. Steinbrock*, 61 Ohio St. 215, 55 N. E. 618, 76 Am. St.
375; *Engler v. Seattle*, 40 Wash. 72, 82 Pac. 136; *Halliday
v. Telephone Co.*, 22 Q. B. Div. 392; *Pickard v. Smith*, 10 C.
B. 470; *Ohio South. R. Co. v. Morey*, 47 Ohio 207, 24 N. E.
269, 7 L. R. A. 701; *Hughes v. Railway Co.*, 39 Ohio St.
461; *Carman v. Steubenville etc. R. Co.*, 4 Ohio St. 399;
*Circleville v. Neuding*, 41 Ohio St. 465; *Bower v. Peate*, 1
Q. B. Div. 321; *Bailey v. Troy etc. R. Co.*, 57 Vt. 252, 52
Am. Rep. 129; *Norwalk Gaslight Co. v. Borough of Nor-
walk*, 63 Conn. 495, 28 Atl. 32; *Wetherbee v. Partridge*, 175
Mass. 185, 55 N. E. 894, 78 Am. St. 486; *Joliet v. Harwood*,
86 Ill. 110, 29 Am. Rep. 17; *Woodman v. Metropolitan R.
Co.*, 149 Mass. 335, 21 N. E. 482, 14 Am. St. 427, 4 L. R. A.
213; *James' Adm'r. v. McMinimy*, 93 Ky. 471, 20 S. W.
435, 40 Am. St. 200; 2 Dillon, Mun. Corp. § 1029; *White
v. New York*, 15 App. Div. 440, 44 N. Y. Supp. 454; *Law-
rence v. Shipman*, 39 Conn. 586; *Thompson v. Lowell etc. R.
Co.*, 170 Mass. 577, 49 N. E. 913, 64 Am. St. 323, 40 L. R.
A. 345; *City & Suburban R. Co. v. Moores*, 80 Md. 348, 30
Atl. 643, 45 Am. St. 345; *Dalton v. Angus*, L. R. 6 App.
Cas. 740; *Hughes v. Percival*, L. R. 8 App. Cas. 443; *Cabot
v. Kingman*, 166 Mass. 403, 44 N. E. 344, 33 L. R. A. 45;
*Colgrove v. Smith*, 102 Cal. 220, 36 Pac. 411, 27 L. R. A.
590; *Jacobs v. Fuller*, 67 Ohio St. 70, 65 N. E. 617, 65 L. R.
A. 833; *McMillan v. North Star Mining Co.*, 32 Wash. 579,
73 Pac. 685, 98 Am. St. 908.

*George E. de Steiguer*, for respondent, contended, *inter alia*, that the contract between Johnson and his subcontractors was in writing and, therefore, to be construed by the court. 16 Am. & Eng. Ency. Law (2d ed.), 192; *Pioneer Fireproof Const. Co. v. Hansen*, 176 Ill. 100, 52 N. E. 17. Under the terms of the contract, Fred Johnson & Co. were independent contractors. *Engler v. Seattle*, 40 Wash. 72, 82 Pac. 136; *Cuff v. Newark etc. R. Co.*, 35 N. J. L. 17, 10 Am. Rep. 205; 16 Am. & Eng. Ency. Law (2d ed.), 188; *Callahan v. Burlington etc. R. Co.*, 23 Iowa 562; *School District v. Fuess*, 98 Pa. St. 600; *Anderson v. Tug River Coal & Coke Co.*, 59 W. Va. 301, 53 S. E. 713; *Larson v. American Bridge Co.*, 40 Wash. 224, 82 Pac. 294; *Miller v. Merritt*, 211 Pa. St. 127, 60 Atl. 508; *Green v. Soule*, 145 Cal. 96, 78 Pac. 337; *Lenderink v. Rockford*, 135 Mich. 531, 98 N. W. 4. An employer is not liable for the acts of contractors engaged in blasting operations. 12 Am. & Eng. Ency. Law (2d ed.), 512; 16 Id. 208; 19 Cyc. 9; *Edmundson v. Pittsburg etc. R. Co.*, 111 Pa. St. 316, 2 Atl. 404; *French v. Vix*, 143 N. Y. 90, 37 N. E. 612; *Blumb v. Kansas*, 84 Mo. 112, 54 Am. Rep. 87; *McCafferty v. Spuyten Duyvil etc. R. Co.*, 61 N. Y. 178, 19 Am. Rep. 267.

RUDKIN, C. J.—At the times hereinafter mentioned, the defendant, C. H. Johnson, was under contract with the Chicago, Milwaukee & St. Paul Railway Company to construct from seventy-five to one hundred miles of its road lying west of the city of Ellensburg, in this state. On the 28th day of March, 1907, Johnson entered into a subcontract with Fred Johnson & Co., a firm composed of Fred Johnson and nine other persons, to construct the road between certain designated stations in the vicinity of Easton, Kittitas county. On the 27th day of June, 1907, the plaintiff was employed as cook in a logging camp, maintained by the Cascade Lumber Company a few hundred feet from the rights of way of the Chicago, Milwaukee & St. Paul Railway Company and the North-

ern Pacific Railway Company. While thus employed on the above date, he was struck by a rock hurled by a blast set off by the servants and employees of Fred Johnson & Co., and received personal injuries for which a recovery is sought in this action. The jury returned a verdict in favor of the plaintiff in the sum of $275, but the court directed a judgment for the defendant notwithstanding the verdict, and from that judgment the plaintiff has appealed.

The judgment was directed in favor of the respondent on the ground that Fred Johnson & Co. were independent contractors, and the respondent, C. J. Johnson, was therefore not liable for their negligence in the performance of the subcontract. In support of his appeal, the appellant contends in substance, that the court erred in excluding oral testimony tending to show the actual relations subsisting between the respondent and the firm of Fred Johnson & Co.; that the court erred in holding, as a matter of law, that Fred Johnson & Co. were independent contractors; and that the work of blasting is inherently and intrinsically dangerous, unless proper precaution is taken, and a person cannot evade responsibility in such cases by employing an independent contractor.

(1) The first assignment must be sustained. The appellant was not a party to the contract between the respondent and the firm of Fred Johnson & Co., and never assented to the provisions of that contract. In an action between him and either of the contracting parties he is at liberty to show the true relations subsisting between them, regardless of the relationship which they may have assumed on paper. In other words, it was clearly competent for the appellant to show by oral testimony that the relation of master and servant subsisted between the respondent and the firm of Fred Johnson & Co., and that the respondent had the direction and charge of the blasting which resulted in his injury. *Bright v. Hanover Fire Insurance Co.*, 48 Wash. 60, 92 Pac. 779.

(2) The contract between the respondent and Fred John-

son & Co. is very voluminous, covering three closely printed pages, and no useful purpose would be subserved by setting it forth in this opinion. We deem it sufficient to say that the court did not err in holding that Fred Johnson & Co. were independent contractors, if their status is to be determined from the written contract alone. This question was fully considered in *Engler v. Seattle*, 40 Wash. 72, 82 Pac. 136, where the earlier decisions of this court are reviewed.

(3) Does this cause fall within any of the recognized exceptions to the general rule of nonliability, where the work is in charge of an independent contractor? There is some conflict of authority on this question, and no little difficulty in determining the particular exception under which any given case should fall. Generally speaking, where the act which causes the injury is one which the contractor is employed to perform, and the injury results from the act of performance and not from the manner of performance, or where the contractor is employed to do an act unlawful in itself, or where the injury is due to defective plans or methods pursuant to which the work is done, or where the work is inherently or intrinsically dangerous in itself and will necessarily or probably result in injury to third persons, unless measures are adopted by which such consequences may be prevented, and in other like cases, a party will not be permitted to evade responsibility by placing an independent contractor in charge of the work. The work of blasting may or may not fall within the exceptions to the general rule, according to the particular circumstances of the individual case, but under the facts here presented, where the parties were employed to construct a railroad grade in the Cascade mountains far removed from any human habitation, we think the general rule of nonliability applies. 12 Am. & Eng. Ency. Law (2d ed.), 512; 16 Id. 208; 19 Cyc. 9; 26 Cyc. 1556; *Cuff v. Newark & N. Y. R. Co.*, 35 N. J. L. 17; *Edmundson v. Pittsburg M. & Y. R. Co.*, 111 Pa. 316, 2 Atl. 404; *Blumb v. Kansas City*, 84 Mo. 112, 54 Am. Rep. 87; *French v. Vix*,

31—51 WASH.

143 N. Y. 90, 37 N. E. 612; *McCafferty v. Spuyten Duyvil etc. R. Co.*, 61 N. Y. 178, 19 Am. Rep. 267; *Symons v. Road Directors*, 105 Md. 254, 65 Atl. 1067.

For the error in excluding testimony the judgment is reversed and a new trial ordered.

FULLERTON, CROW, and MOUNT, JJ., concur.