[No. 7982.  Department One.  July 12, 1909.]

SEATTLE LIGHTING COMPANY, *Respondent*, v.
H. W. HAWLEY, *Appellant*.[1]

EXPLOSIVES—DANGEROUS WORK—ASSIGNMENT OF CONTRACT FOR STREET GRADING—LIABILITY FOR ACTS OF INDEPENDENT CONTRACTOR. The original contractor for the grading of a public street, who had assigned the contract to an independent contractor using his own methods free from control except as° to the results obtained, is not liable for damages caused by a dynamite explosion in the prosecution of the work, where it is not shown that the use of dynamite was contemplated in the contract or customary in improvements of like character; since the grading of a street in such a case is not so inherently dangerous as to come within the exception to the rule of nonliability for the acts of independent contractors.

MUNICIPAL CORPORATIONS — IMPROVEMENTS — LIABILITY OF CONTRACTOR—ASSIGNMENT TO INDEPENDENT CONTRACTOR.  After assignment of a contract for street improvements to an independent con-

[1]Reported in 103 Pac. 6.

tractor, the original contractor is not liable for the negligence of the former causing damages to the private property of a gas company in the streets; since the duty owed the gas company is entirely different from that owed to the traveling public.

SAME—PROHIBITION OF ASSIGNMENT—EFFECT. That an assignment of a contract for street improvements is prohibited by the terms of the contract and by the city charter, does not affect the legal relations of the parties, or render the assignor liable for the acts of the assignee; since the prohibitions were intended for the benefit of the city.

SAME—TERMS OF CONTRACT. The fact that contractors for a street improvement agreed with the city to do the work at their own risk, does not render them liable for negligence of their assignees, if the city was not liable therefor.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 5, 1909, upon findings in favor of the plaintiff, in an action for damages to property from an explosion. Reversed.

*James A. Snoddy*, for appellant.

*H. R. Clise* and *C. K. Poe*, for respondent.

RUDKIN, C. J.—On the 8th day of February, 1907, the city of Seattle entered into a contract with Hawley & Lane to improve East Lake Avenue, from Almy street to Twelfth Avenue North, according to the plat on file in the office of the city engineer and the specifications and general stipulation attached to the contract. On the 19th day of March, 1907, Hawley & Lane assigned their contract with the city to Walter Webb, George Mead, and Neil McDonald. Under the terms of the original contract and under the terms of the assignment neither the city nor Hawley & Lane reserved any supervision over the work, except as to the results to be obtained, and the assignees of the contract became to all intents and purposes independent contractors. On the 21st day of November, 1907, the assignees of the contract exploded a charge of dynamite in the course of the work of grading and improving the street, causing injury to the gas main of the plaintiff company located within the street. This

action was instituted against Hawley, one of the original contractors, to recover damages for the injury thus sustained; and from a judgment in favor of the plaintiff, the present appeal is prosecuted.

As already stated, the persons causing the injury were independent contractors; and, unless the case falls within some recognized exception to the general rule of nonliability of the employer in such cases, the judgment must be reversed. The general rule of law upon this subject is this: Where an individual or corporation contracts with another individual or corporation, exercising an independent employment, for the latter to do a work not in itself unlawful or attended by danger to others, such work to be done according to the contractor's own methods, and not subject to the employer's control or orders, except as to the results to be obtained, the employer is not liable for the wrongful or negligent acts of the contractor or of the contractor's servant. *Atlanta & Florida R. Co. v. Kimberly*, 87 Ga. 161, 27 Am. St. 231; *Norwalk Gaslight Co. v. Norwalk*, 63 Conn. 495, 28 Atl. 32; *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310. The exceptions to the general rule are thus stated in *Kendall v. Johnson, supra:*

"Generally speaking, where the act which causes the injury is one which the contractor is employed to perform, and the injury results from the act of performance, and not from the manner of performance, or where the contractor is employed to do an act unlawful in itself, or where the injury is due to defective plans or methods pursuant to which the work is done, or where the work is inherently or intrinsically dangerous in itself and will necessarily or probably result in injury to third persons, unless measures are adopted by which such consequences may be prevented, and in other like cases, a party will not be permitted to evade responsibility by placing an independent contractor in charge of the work."

It cannot be said that the work contracted for in this case was unlawful in itself, or that the injury resulted from the act of performance and not the manner of performance, and

unless the work contracted for was inherently or intrinsically dangerous and would necessarily or probably result in injury to third persons, unless measures were adopted by which such consequences would be prevented, we think the general rule of nonliability should obtain. It certainly cannot be said with any show of reason that the work of grading or improving a street is inherently dangerous in so far as the particular injury here complained of is concerned. It was not shown that the use of dynamite in the performance of the contract was contemplated by the parties, nor that the use of such dangerous agencies was customary upon works of like character in the city of Seattle. In the absence of any showing that the use of dynamite or other explosives was within the contemplation of the parties, or was customary in making improvements of like character, we feel constrained to hold that the grading and improving of a street is not necessarily or inherently dangerous to gas pipes located within the street.

. The respondent contends that the improvement of the street was a work of a public or quasi public nature, and that the appellant could not escape the high duty owed to the public by an assignment of his contract. This in a measure is true. The city of Seattle could not relieve itself of its duty to the public to keep its streets in a reasonably safe condition for public travel by placing an independent contractor in charge of its streets, nor could a contractor with the city evade the like duty through an assignment of his contract. But the duty the city and its contractors owe to the public, and the duty they owe to the gas company having pipes within the city streets are entirely different. There was nothing of a public nature in the duty the city owed to the gas company in this connection, and that fact clearly distinguishes this case from the case of *Water Co. v. Ware,* 16 Wall. 566, 21 L. Ed. 485, upon which the respondent chiefly relies. In the *Ware* case a traveler upon the public streets

was injured because of a dangerous agency maintained in the street, while here the duty owed to the gas company was strictly private; namely, to so use one's own property as not to injure another.

The respondent further contends that the assignment of the contract was prohibited by both the city charter and the contract itself. Both these provisions were intended for the benefit of the city and did not and could not change the legal relations existing between the contractor and his assignees. Again, it is contended that the original contractors agreed with the city that the work should be performed at their risk, and that they assumed responsibility for all damages to the work or on the line of the work from any cause whatever. If the city were liable for the injury complained of, no doubt a recovery might be had against the appellant here to avoid a circuity of actions; but the city is not liable for the same reasons that exempt the appellant from liability, and the rights of the parties are therefore not affected or controlled by this stipulation in the contract.

We are of opinion that the appellant is not liable in damages for the injury complained of, and the judgment is accordingly reversed, with directions to dismiss the action.

FULLERTON, CHADWICK, GOSE, and MORRIS, JJ., concur.