[No. 11285.  Department Two.  December 12, 1913.]

EDWARD FROSTMAN, *Respondent,* v. STIRRAT & GOETZ INVESTMENT COMPANY, *Appellant.*[1]

APPEAL—SUBSEQUENT APPEAL—LAW OF THE CASE. After a remand, the decision on all points raised in the first appeal is conclusive, and precludes their further consideration on the second appeal.

SAME. Where, on a former appeal, it was decided that plaintiff was not a trespasser in having entered premises without lawful authority, on a second trial it is not error to refuse an instruction embodying a finding that he had been forbidden to enter.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $10,000 for personal injuries will not be held excessive on appeal, where there was evidence, four years after the accident, that plaintiff was a physical wreck and constantly suffered much pain, had incurred an indebtedness of $2,000 for medical attendance, and lost

[1]Reported in 136 Pac. 1144.

an earning power of three to three and one-half dollars a day, and there was much dispute between the medical men as to plaintiff's present condition.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 21, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Charles A. Riddle (Hughes, McMicken, Dovell & Ramsey,* of counsel), for appellant.

*Dillon & Dunaway* and *Reynolds, Ballinger & Hutson,* for respondent.

MORRIS, J.—This is the second appeal in an action for damages for personal injuries. On the first appeal, the judgment of the lower court, in dismissing the action at the close of plaintiff's evidence, was reversed, and a new trial ordered. This has been had, and plaintiff having obtained verdict and judgment, defendant now appeals.

The facts will be found stated in the opinion on the first appeal, 65 Wash. 608, 118 Pac. 742. Many of the points now relied upon as error were urged in support of the first judgment, where it was contended that the judgment appealed from was proper because plaintiff was a trespasser, and that the absence of the staging was not the proximate cause of the injury. These contentions were overruled, and it was held that plaintiff was not a trespasser, that he was lawfully within the sidewalk area, and that the proximate cause of the injury was the absence of the staging required by the city ordinance. The first opinion is conclusive of all points there passed upon, and disposes of all the errors now urged, save a few.

It is now urged that respondent was guilty of contributory negligence in law. The only facts now before the court that were not before the court on the first appeal are such as were brought out in appellant's evidence, and we do not find that

they are sufficient to change the result then reached that the cause should have been submitted to the jury.

It is said that the first record refers to the obstruction between the street proper and the sidewalk area as an accumulation of debris sufficient to impede public travel across it, while the evidence in this record discloses that what was then referred to as an accumulation of debris was stone and brick taken from the dismantled wall and neatly and compactly piled, making a loose wall six or eight feet high along the front of the building. This is probably true, but it is also shown that respondent could easily have passed this pile through openings left for the workmen engaged on the building, so that it does not materially alter the situation so far as the questions of trespass, assumption of risk, and contributory negligence are concerned; nor does it change the situation from which it was found on the first appeal that the lack of staging was the proximate cause of the injury.

Error is also predicated upon the giving of an instruction and the refusal to give three others. Two of those it is said were refused we find actually given in the language requested. The third was given as requested, save that the court omitted one clause embodying a finding that the appellant had forbidden respondent to enter the sidewalk area. It having been held, as the law of the case on the first appeal that respondent was not a trespasser, and that he was lawfully at the place where he was injured, the failure to include this clause was not error.

The instruction objected to is this:

"The mere facts, if you find them to be facts, that the city granted a permit to the defendant to deposit material, tools, etc., upon the sidewalk area in front of the Seattle Theater Building, and that there was no staging over it, would not make plaintiff's work there unlawful. If his work called him to the area and if you find that the evidence does not show that he was unlawfully where he was, he had a right to be there."

We see no objection to it, and appellant calls our attention to none. The first part, viz., that the permit to deposit material and tools upon the sidewalk area and the absence of staging would not make plaintiff's work unlawful, must now be held to be the law, since, on the first appeal with all these facts before the court, it was said that respondent was lawfully within the sidewalk area. As to the second part, it requires no reasoning to say that respondent had a right to be where he was at work if the evidence did not show he was there unlawfully.

It is next urged that the verdict of $10,000 was excessive. Unfortunately there was much dispute and contradiction between the medical men as to respondent's present condition. Those testifying for respondent said his injuries were severe and permanent, while appellant's witnesses were of the opinion that respondent was a malingerer. Whatever our opinion may be of the fact, we cannot usurp the function of the jury and say that they have erroneously decided a question of fact. If there was no dispute as to respondent's physical condition, we could say whether or not, in our judgment, the damages allowed were more than compensatory, and under such circumstances appellate courts frequently do say that verdicts are excessive. But where there is a sharp conflict as to the damages sustained, the verdict becomes a finding of fact which we are not at liberty to disturb, unless we could say, assuming the theory of respondent as to the extent and nature of his injuries to be correct, the amount awarded is excessive. This we cannot do in this case. Four years have passed since the injury. There was evidence that respondent had lost an earning power of from three to three and one-half dollars per day; that he was practically a physical wreck, and always would be; that he was constantly in pain, unable to sleep except an hour or two each day; that he has incurred an indebtedness of $2,000 for medical attendance and services. If this is true—and the jury by the verdict say it is —we refuse to say the verdict is excessive.

We find no reason for disturbing the judgment, and it is affirmed.

Crow, C. J., Parker, Mount, and Fullerton, JJ., concur.