[No. 11159.   Department Two.   January 23, 1914.]

THOMAS FREEBURY *et al.*, *Respondents*, v. CHICAGO,
MILWAUKEE & PUGET SOUND RAILWAY COMPANY
*et al.*, *Appellants.*[1]

MASTER AND SERVANT—LIABILITY TO THIRD PERSONS—INDEPENDENT
CONTRACTORS—EXPLOSIVES.  A railroad company employing an inde-
pendent contractor to excavate in a public street in the business
section of a populous city by blasting with dynamite, is liable to
third persons through the negligence of the contractor in blasting;
since the work is inherently and intrinsically dangerous, liability
for which cannot be evaded by entering into an independent con-
tract.

APPEAL—REVIEW—VERDICT.  A verdict will not be set aside as ex-
cessive where the evidence was conflicting and there is substantial
evidence to sustain the amount.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered November 16, 1912, upon
the verdict of a jury rendered in favor of the plaintiff, in
an action for personal injuries caused by blasting in exca-
vation work in a street.   Affirmed.

*F. M. Dudley* and *Cullen, Lee & Hindman,* for appellants.

*W. H. Plummer* and *Henry Jackson Darby,* for respond-
ents.

MAIN, J.—This action was instituted for the purpose of
recovering damages on account of personal injuries.

On June 14, 1910, the city council of the city of Spokane
passed an ordinance granting to the Chicago, Milwaukee &
Puget Sound Railway Company a franchise for the opera-
tion of a railway upon certain streets and alleys as specified.
Subsequently the franchise was accepted by the railway com-
pany.   On February 23, 1911, the franchise ordinance was
amended.   The amendment provided for the change of the
established grade of a portion of Division street, extending

[1]Reported in 137 Pac. 1044.

between the Great Northern Railway tracks and Main avenue. By section 9 of the franchise, as amended, the railway company, at its own expense, was required to make and complete the changes of grade provided for in Division and other streets.

On July 15, 1911, the railway company contracted in writing with Bates & Rogers Construction Company for doing certain of the regrade work in the streets affected. This contract provided that, in blasting for the removal of rock or other material, Bates & Rogers Construction Company should use the greatest care and precaution for the purpose of protecting the safety of persons and property. The contract also provided a classification for solid rock excavation and fixed a price for the same.

On May 17, 1912, the Bates & Rogers Construction Company sublet the doing of a portion of the work to Breen & Johnson. This contract was approved by the chief engineer of the railway company. The Breen & Johnson contract provided that they should furnish all the labor for doing the work on Division street within certain specified limits.

On May 31, 1912, while Breen & Johnson were excavating for a sewer trench or tunnel in Division street, near the intersection of Main, and blasting with dynamite, a blast was discharged, and a stone, weighing approximately 20 or 25 pounds, was hurled a distance of 100 feet, striking the window casing of a window on the second floor of the Station hotel, and rebounded into the room thereof, striking the plaintiff and causing the injury complained of.

Division street, at the point where the blasting was being done, was in the business section of the city. The buildings on either side thereof were from one to three stories in height, and were used for stores, hotels, and lodging houses.

The rock mentioned struck the plaintiff, Allie Freebury, in the region of the left shoulder blade. · She was thrown from the chair in which she was sitting and across the room, rendered unconscious, and sustained serious injury. The present

action was begun for the purpose of recovering damages for the injuries sustained.

The cause came on for trial before the court and a jury on October 15, 1912. At the close of the plaintiffs' case, each of the defendants challenged the legal sufficiency of the evidence and moved the court for a judgment of dismissal. This motion was overruled. After all the evidence had been introduced, the defendants again moved the court for a dismissal of the action. These motions were likewise overruled. The court, in submitting the matter to the jury, instructed that both the Bates & Rogers Construction Company and Breen & Johnson, under their respective contracts, were independent contractors. The jury returned a verdict in favor of the plaintiffs in the sum of $12,000. Motion for a new trial was seasonably made and overruled. Judgment was entered on the verdict. The defendants have appealed.

The principal question is the liability of the railway company and the Bates & Rogers Construction Company. That Breen & Johnson could be held to respond in damages is conceded. But it is claimed that, since they were operating under an independent contract, they alone are liable.

The general rule is that, where an individual or corporation contracts with another individual or corporation exercising an independent employment, the employer is not liable for the wrongful or negligent acts of the contractor or of his servants, employees, or agents. In *Seattle Lighting Co. v. Hawley*, 54 Wash. 137, 103 Pac. 6, this proposition is stated in this language:

"Where an individual or corporation contracts with another individual or corporation, exercising an independent employment, for the latter to do a work not in itself unlawful or attended by danger to others, such work to be done according to the contractor's own methods, and not subject to the employer's control or orders, except as to the results to be obtained, the employer is not liable for the wrongful or negligent acts of the contractor or of the contractor's servant. [Citing cases]."

But this general rule is subject to well settled exceptions. One of these is that, where the work to be done is inherently or intrinsically dangerous in itself, and will necessarily or probably result in injury to third persons unless measures are adopted by which such consequences may be prevented, an employer cannot evade responsibility by entering into an independent contract with another person for the doing of the work. In *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310, it is said:

"Where the work is inherently or intrinsically dangerous in itself and will necessarily or probably result in injury to third persons, unless measures are adopted by which such consequences may be prevented, and in other like cases, a party will not be permitted to evade responsibility by placing an independent contractor in charge of the work."

Whether the work of blasting falls within this exception depends upon the facts and circumstances that may attend each individual case. And it has been held that, where the employer contracted for the construction of a railroad grade in the Cascade mountains, far removed from any human habitation, the rule of nonliability applies. In *Kendall v. Johnson, supra,* it was further said:

"The work of blasting may or may not fall within the exceptions to the general rule, according to the particular circumstances of the individual case, but under the facts here presented, where the parties were employed to construct a railroad grade in the Cascade mountains far removed from any human habitation, we think the general rule of nonliability applies."

In the present case, the contract called for the digging of a tunnel or trench in the business section of the city of Spokane, and the rule applicable to a situation far removed from human habitation cannot be invoked. This case falls squarely within the exception that the work was inherently dangerous in itself, and would necessarily or probably result in injury to third persons unless measures were adopted to prevent such consequences.

It is contended, also, that the verdict is excessive. A verdict of $12,000 seems large, and were we to weigh the conflicting evidence upon the extent of the injury sustained, we might reach a different conclusion. A careful reading of the record demonstrates that, if the injuries sustained by the respondent Allie Freebury were as serious and permanent as the evidence introduced on the part of the respondents would tend to show, then the verdict is not excessive. If, however, the extent of her injuries are correctly set forth in the evidence introduced on behalf of the appellants, the amount of the verdict should not be sustained. Upon this conflicting evidence, the jury apparently believed the witnesses for the respondents.

Where the evidence as to the extent of the injuries is conflicting, and there is substantial testimony which sustains the amount of the verdict, the finding of the jury must control. If the verdict is not sustained by substantial evidence, then a reduction of the amount thereof will be ordered or a new trial granted. In the recent case of *Frostman v. Stirrat & Goetz Inv. Co.*, 76 Wash. 592, 136 Pac. 1144, speaking on this question, it was said:

"It is next urged that the verdict of $10,000 was excessive. Unfortunately there was much dispute and contradiction between the medical men as to respondent's present condition, Those testifying for respondent said his injuries were severe and permanent, while appellant's witnesses were of the opinion that respondent was a malingerer. Whatever our opinion may be of the fact, we cannot usurp the function of the jury and say that they have erroneously decided a question of fact. If there was no dispute as to respondent's physical condition, we could say whether or not, in our judgment, the damages allowed were more than compensatory, and under such circumstances appellate courts frequently do say that verdicts are excessive. But where there is a sharp conflict as to the damages sustained, the verdict becomes a finding of fact which we are not at liberty to disturb, unless we could say, assum-

ing the theory of respondent as to the extent and nature of the injuries to be correct, the amount awarded is excessive." The judgment will be affirmed.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.