[No. 19435. Department Two. February 2, 1926.]

John L. Blacken, *Respondent*, v. Everett Bottling Works, *Appellant*.[1]

[1] Corporations (121)—Master and Servant (176)—Employment—Removal—Servants or Independent Contractors. It cannot be said, as a matter of law, that one is a mere employee of a corporation, removable at will, and not an independent contractor, where it appears that he undertook to construct a building, to employ and pay for all labor, furnish and pay for the material, and was to be repaid all costs and, in addition, ten per cent upon the cost price.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 9, 1925, upon the verdict of a jury, rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Williams & Davis*, for appellant.
*H. D. Cooley*, for respondent.

Parker, J.—The plaintiff, Blacken, seeks recovery of damages, claimed as the result of a breach of a contract made by him with the defendant Bottling Works, in that it refused to let him proceed with the construction of a building for it, as agreed between them, by which he would have earned approximately $1,600. A trial in the superior court for Snohomish county, sitting with a jury, resulted in verdict and judgment awarding to plaintiff recovery in the sum of $835.68, from which the defendant has appealed to this court.

[1]Reported in 242 Pac. 1102.

Appellant is a domestic corporation having its place of business in Everett, in Snohomish county. Respondent is a building contractor, engaged in that work and business in Everett. On September 20, 1924, appellant's general manager, being duly authorized so to do for appellant, entered into an oral contract with respondent, by which he was to furnish all the labor and material, and construct for appellant upon its lots in Everett a one story building with basement. The building was to be 50x120 feet in area upon the ground, and, as contemplated, was to cost not over $18,000. It was to be a plain building; its foundations and walls to be of concrete and brick masonry. Respondent was then furnished a sketch of the proposed building, showing its dimensions, floor plans of both the basement and main floor, its truss roof plan, some office rooms near the front on one side, and an elevation of its street front, all in some considerable detail. This sketch, while not showing all details of the building as appellant contemplated it to be in its finished state, did render plain its general nature, size, quality and style. It was hardly sufficient in detail to be appropriate as the basis of a construction contract for a lump sum. Such a contract, with no greater details specified, would be somewhat ambiguous, and probably give rise to controversy; but this, we think, is of no particular importance in our present inquiry. Additional necessary details were to be determined as the work progressed, appellant, of course, having the final decision thereon, though it was contemplated that respondent should give advice with reference thereto. Respondent was to furnish, purchase and pay for the work and material, and be reimbursed therefor from time to time by appellant, as the work progressed; and respondent was also to be paid by appellant an ad-

ditional 10% upon the cost price, as his compensation or profit.

A day or two following the making of this contract, the respondent commenced the work, procuring a city permit therefor, procuring industrial insurance, procuring lumber, constructing a tool house, and excavating practically the whole of the basement, during the following two weeks; thus incurring expenses, incident to the construction of the building, in a total sum of approximately $400 during that period, all with the knowledge and consent of appellant. The work having reached this stage, on October 8, 1924, appellant, without just cause, ordered respondent to stop work, and prevented him from proceeding further under the construction contract. Very soon thereafter, appellant let a contract for the completion of the building upon the same terms to another contractor, who finished it at a cost of approximately $16,000; the building being finished in approximately four months, as was contemplated by the parties to this contract at the time of its making. The building, as ultimately completed, was substantially the same in all respects as contemplated by appellant at the time of entering into the construction contract with respondent. A careful review of the evidence convinces us that the jury were fully warranted in viewing, and did view, the controlling facts in substance as thus summarized by us.

The whole contention here made, in behalf of appellant, is, in substance, that the trial court erred in refusing to decide, as a matter of law, that respondent was, under the contract, a mere employee and not an independent contractor; and that, therefore, appellant, being a corporation, had the right to discharge him at any time, without liability to him other than to pay him, at the rate agreed upon, the amount earned by him up to the time of his discharge, which is conceded

to be $40, and to reimburse him for expense incurred by him in the prosecution of the work up to that time. Counsel cite, in support of this contention, from the enumerated powers of corporations found in § 3809, Rem. Comp. Stat., this power: "To appoint officers, agents and servants . . . and to remove them at will;" and, also, a number of our decisions giving force and effect to this statutory corporate power. See *Williams v. Great Northern R. Co.*, 108 Wash. 344, 184 Pac. 340, and prior decisions therein cited. This contention was presented to the trial court by appropriate request to withdraw from the consideration of the jury the question of damages to respondent, because of his being prevented by appellant from proceeding with the building to completion, and confining the jury's consideration to what might be due him for expenses incurred in the prosecution of the work and his earned percentage at the time he was prevented by appellant from proceeding with the construction.

[1] We cannot agree that it could be decided, as a matter of law, upon the facts shown, that respondent was not, under his contract, proceeding as an independent contractor. He was to employ and pay for all labor; he was to furnish and pay for all material; he was wholly independent as to the manner of doing the work. True, he was required, as to details not specified upon the sketch given to him, to construct the building as appellant desired; that is, if the appellant desired a door, or a window, or a particular kind of floor, or a particular finish, or a particular kind of roofing material put upon the building, not specified in the sketch by which respondent was working, of course, respondent would have to comply with any request in that behalf made by appellant; but that would not mean that appellant would have any voice in the manner or mode of respondent's furnishing or doing any one or

more of these things. The want of detail of the sketch in any of these particulars, and the want of written specifications, of which there seem to be none, appear to us to be of little consequence in our present inquiry, in view of the fact that this was not a lump sum contract. The general rule is stated to our satisfaction in *Johnston v. Seattle Taxicab & Transfer Co.,*85 Wash. 551, 148 Pac. 900, as follows:

"The general rule is that an independent contractor is one who renders services to another in the course of an independent occupation, representing the will of his employer only as to the result of the work and not as to the means by which it is accomplished; the chief consideration being that the employer has no right to control as to the mode or manner of doing the work; but a reservation by the employer of the right to supervise the work for the purpose of determining whether it is being done in accordance with the contract does not affect the independence of the relation."

14 R. C. L. 70.

The amount of recovery awarded to appellant is in damages approximately one-half of ten per cent upon the total cost of the building, with one or two minor expense items added, for which respondent had not been reimbursed. There is, however, no controversy here over the amount of the recovery, apart from the question of independent contractor.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and MACKINTOSH, JJ., concur.