[No. 23668.  Department Two.  July 6, 1932.]

L. A. BABCOCK *et al., Respondents,* v. SEATTLE SCHOOL DISTRICT No. 1, *Appellant.*[1]

*Robert M. Burgunder* and *Arthur M. Hare* for appellant.

*Whittemore & Truscott* and *Harold A. Seering,* for respondents.

BEALS, J.—Seattle School District No. 1, wishing to enlarge the grounds appurtenant to one of its public schools, purchased several additional lots, three of

[1]Reported in 12 P. (2d) 752.

which were improved with frame dwellings. Desiring to clear the property and render it convenient for school purposes, the district entered into a contract with one R. J. Odman, who agreed to grade the property; the district also contracting with O. G. Trester, who had purchased the buildings for two hundred dollars, that he (Trester) should remove the same and clean up the premises, the district agreeing to procure from the fire department the necessary permit to enable Mr. Trester to burn the debris.

Mr. Trester's contract was the first to be performed, and he employed one Knight to do the work; Mr. Knight in turn employing a Mr. Hart, who accomplished most of the mopping-up. Mr. Trester moved one house to an adjoining lot. Mr. Knight wrecked the other houses and sold the salvage, while Mr. Hart disposed of the trash. August 13, 1930, while two men employed by Mr. Odman were cutting down some trees, Mr. Hart continued with the burning of the debris remaining after the wrecking of the houses, which he had commenced the day before. During the course of the afternoon, the fire which Mr. Hart had lighted spread beyond his control, with the result that plaintiffs' dwelling caught fire, and, with much of its contents, was destroyed.

Plaintiffs sued the school district and R. J. Odman. The action was tried twice; first, to Judge Mitchell Gilliam, who died before rendering his decision, and next, before Judge Howard M. Findley, who dismissed the action as to the defendant Odman and entered judgment in plaintiffs' favor and against the school district for the sum of four thousand dollars. Its motion for new trial having been overruled, the school district appeals to this court, assigning error upon the admission of certain evidence; upon the ruling of the trial court to the effect that the district had been guilty

of actionable negligence; upon the entry of judgment against defendant; and upon the overruling of its motion for a new trial.

It is not contended that the amount of the recovery which the court allowed is excessive; appellant's contention being that it is not liable in any amount.

■ Appellant having delayed the preparation of its abstract on appeal beyond the time prescribed by the rules, respondents have moved that the statement of facts be stricken. Appellant's abstract having been prepared in proper form and filed prior to the date set for the hearing of the cause, and no objection being urged to the subject matter thereof, respondents' motion to strike the statement of facts is denied. Mere delay in the filing of an abstract of the record, if the same is filed within a reasonable and convenient time prior to the date set for the argument of the cause, will not, under ordinary circumstances, be held sufficient ground to justify the granting of a motion to strike the statement of facts. Delay in filing an abstract will, however, be considered in connection with the allowance of costs should the party filing the same prevail on the appeal.

■ On the first trial of the action before Judge Gilliam, a trial amendment was allowed, and on the second trial, the amendment was permitted to stand; the amendment showing the connection of Mr. Trester with the operations which resulted in the burning of respondents' home. Appellant complains of the amendment, arguing that, as Mr. Trester was never made a party defendant to the action, appellant should not have been held liable to respondent on account of the negligence of persons not parties to the action.

It clearly appears from the evidence that appellant, in its contract with Mr. Trester, agreed that it would procure the necessary permit authorizing the use of

fire in clearing the property; and that, pursuant to this agreement, appellant, through its secretary, did procure in its own name such a permit. By the amendment to the complaint made on respondents' motion during the first trial of the action, appellant was advised as to what respondents' claims in regard to the negligence which respondents contended entitled them to recover judgment against appellant actually were; and appellant, of course, well knew the parties with whom it had contracted for the clearing of the land, and what portion of the work had been performed by each. Appellant was nowise misled by any of the proceedings taken at either trial in connection with the matter now under discussion, and the record is in this respect free from error.

It clearly appears that the work of burning the accumulated rubbish was performed in a most negligent manner. While it is true that appellant had contracted with Mr. Trester for the removal and destruction of the three houses, appellant cannot, because of such contract, claim that it is free from responsibility for the gross negligence of its contractor in performing the work.

Fire is a dangerous agency, and ever since the judgment rendered by Lord Cockburn in the case of *Bower v. Peate*, L. R. 1 Q. B. D. 321, the doctrine has prevailed that one who contracts for work from which, in the natural course of events, consequences injurious to his neighbor may reasonably be anticipated, cannot escape liability in case of damage, unless reasonable means have been adopted to avoid the injury. In the case of *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310, this court approved a somewhat modified form of the rule, using the following language:

". . . where the work is inherently or intrinsically dangerous in itself and will necessarily or prob-

ably result in injury to third persons, unless measures are adopted by which such consequences may be prevented, and in other like cases, a party will not be permitted to evade responsibility by placing an independent contractor in charge of the work.''

The principle laid down in the case cited was followed in *Freebury v. Chicago, etc., Co.,* 77 Wash. 464, 137 Pac. 1044, and *Van Slyke Warehouse Co. v. Vilter Mfg. Co.,* 158 Wash. 659, 291 Pac. 1103. In the *Van Slyke* case, the court held that one contracting with another for certain work could not thereby evade responsibility for damage done by a fire started by the independent contractor, citing 39 C. J. 1331-9.

In the case at bar, the fire was lit on appellant's own premises pursuant to a permit taken out by appellant. Section 5647, Rem. Comp. Stat., which is applicable to such a situation, reads as follows:

''If any person shall for any lawful purpose kindle a fire upon his own land, he shall do it at such time and in such manner, and shall take such care of it to prevent it from spreading and doing damage to other persons' property, as a prudent and careful man would do, and if he fail so to do he shall be liable in an action to any person suffering damage thereby to the full amount of such damage.''

Appellant argues that, because it is a public corporation, substantially coincident as to its geographical limits with the city of Seattle, another municipal corporation, and because the city maintains a fire department which is supported by public taxation, appellant was justified in relying upon the fire department maintained by the city for the protection of adjoining property from damage which might be caused thereto by the spread of the fire lit upon appellant's property.

It is, of course, true that appellant, in maintaining its school system, is supported by public taxation, but

this affords no ground for holding that appellant is not responsible for the gross negligence of itself or its agent in starting upon its property a conflagration which it must have been apparent to any reasonable person would very likely result in damage to adjoining property. We cannot follow appellant in its argument that it could rely upon the Seattle fire department to protect it against liability to third parties arising from appellant's well-nigh wanton negligence and the resulting destruction of property.

Respondents' loss must necessarily fall upon taxpayers, as property, which was paying its share of taxes was destroyed. If respondents alone bear the loss, the same falls upon two taxpayers; if appellant is required to bear the damage occasioned by the negligence of its agents, the loss is borne by all the taxpayers in the district; but, in either event, taxpayers bear the damage.

It clearly appears that respondents' damage was the result of the gross negligence of appellant's agents.

Careful examination of the record convinces us that the same is free from error, and the judgment of the trial court is accordingly affirmed.

TOLMAN, C. J., MAIN, and MILLARD, JJ., concur.

HOLCOMB, J., concurs in the result.