[No. 24054. Department One. June 22, 1933.]

THOMPSON-CADILLAC COMPANY, *Respondent and Cross-appellant,* v. WILLIAM H. MATTHEWS *et al., Appellants,* JOHN MOSSUTO *et al., Respondents.*[1]

[1]Reported in 23 P. (2d) 399.

354

*Gleeson & Gleeson,* for appellants.
*Graves, Kizer & Graves,* for respondents.

MITCHELL, J.—This action was brought by the Thompson-Cadillac Company, a corporation, to recover for damages to certain of its used cars situated on a lot in a business district in Spokane, caused by blasting rock and earth in making an excavation on an adjoining lot. Plaintiff claimed the lot being improved was, in fact, owned by William H. Matthews and wife, and that the work was being done for and on their behalf, although the title to the lot was in the name of their son, William R. Matthews, who made his home with his parents.

The contract for excavating was let to John Mossuto, who employed one Tony Penna, a licensed blaster under an ordinance of the city, to prepare and fire the blasts of powder or other explosives, as the work re-

quired. It was alleged that a blast was negligently fired and threw a quantity of rock and other debris on the used cars belonging to plaintiff, causing damages, for the recovery of which the action was brought. The plaintiff also sued to recover profits alleged to have been lost by being deprived, by the same act of negligence, of the use for two weeks of two cars used for the purpose of demonstration in making sales of new cars handled by the plaintiff. William H. Matthews and wife, John Mossuto and wife, and William R. Matthews were made defendants.

The case was tried to a jury, and resulted in a verdict for the plaintiff against William H. Matthews and wife and John Mossuto and wife, for general damages, upon which judgment was entered, from which William H. Matthews and wife have appealed. It appears there was a special verdict for nine hundred dollars in favor of the plaintiff against William H. Matthews and wife and John Mossuto and wife, as damages for depriving the plaintiff of one car used for demonstration purposes. As to the nine hundred dollar special verdict, a judgment notwithstanding the verdict was entered in favor of William H. Matthews and wife and John Mossuto and wife, from which the plaintiff has taken a cross-appeal. The action was dismissed by order of the court as to William R. Matthews. John Mossuto and wife have not appealed from the judgment against them.

On the appeal of William H. Matthews and wife, the first contention is that they should not be held at all, because the title to the lot that was being improved was in William R. Matthews, who, as such owner, was having the work done. On the contrary, the respondent, Thompson-Cadillac Company, contends that the use of the son's name in taking title to the lot and his being in any manner connected with the improvement

was only a pretense or subterfuge on the part of his parents, William H. Matthews and wife, who were the real owners of the lot, and, as beneficial owners, responsible for the risks of constructing the improvement. This allegation as to the real ownership of the lot and improvement was mentioned in the instructions to the jury as an allegation of fraud, which imposed upon the plaintiff the burden of proof by evidence that is clear, convincing and satisfactory. The evidence on the point, as it appears upon an examination of it, was conflicting, but, in our opinion, the jury was at liberty to find, as it did find, that the evidence was sufficient to meet the burden defined and expressed in the instruction.

█ The next contention is that the owners of the lot are not liable, because the work and the particular act complained of were being done by an independent contractor, or his servant or employee. The rule in this state is otherwise in situations like the present one. In *Freebury v. Chicago, M. & P. S. R. Co.*, 77 Wash. 464, 137 Pac. 1044, this court said:

"The general rule is that, where an individual or corporation contracts with another individual or corporation exercising an independent employment, the employer is not liable for the wrongful or negligent acts of the contractor or of his servants, employees, or agents. In *Seattle Lighting Co. v. Hawley*, 54 Wash. 137, 103 Pac. 6, this proposition is stated in this language:

" 'Where an individual or corporation contracts with another individual or corporation, exercising an independent employment, for the latter to do a work not in itself unlawful or attended by danger to others, such work to be done according to the contractor's own methods, and not subject to the employer's control or orders, except as to the results to be obtained, the employer is not liable for the wrongful or negligent acts of the contractor or of the contractor's servant. [Citing cases].'

"But this general rule is subject to well settled exceptions. One of these is that, where the work to be done is inherently or intrinsically dangerous in itself, and will necessarily or probably result in injury to third persons unless measures are adopted by which such consequences may be prevented, an employer cannot evade responsibility by entering into an independent contract with another person for the doing of the work. In *Kendall v. Johnson,* 51 Wash. 477, 99 Pac. 310, it is said:

" 'Where the work is inherently or intrinsically dangerous in itself and will necessarily or probably result in injury to third persons, unless measures are adopted by which such consequences may be prevented, and in other like cases, a party will not be permitted to evade responsibility by placing an independent contractor in charge of the work.' "

That was a case of a dynamite blast throwing a large stone that struck and injured the plaintiff. With reference to the location of such operations and the rule of liability, the court said:

"In the present case, the contract called for the digging of a tunnel or trench in the business section of the city of Spokane, and the rule applicable to a situation far removed from human habitation cannot be invoked. This case falls squarely within the exception that the work was inherently dangerous in itself, and would necessarily or probably result in injury to third persons unless measures were adopted to prevent such consequences."

To the same effect, see *Babcock v. Seattle School District No. 1,* 168 Wash. 557, 12 P. (2d) 752.

Nor do we find any substantial merit in the contention of the appellants that the Spokane ordinance regulating the use of explosives changes the rule of liability set out in the *Freebury* case, where the blasting is done in the business section of the city.

Assignments of error upon the giving of instructions Nos. 4 and 5 are without merit. They correctly an-

nounce the law touching the liability of the owner for, damages caused by the use of high explosives in a business district of a city, although the work is done through an independent contractor, and notwithstanding a regulatory ordinance, such as Spokane has, for the use of high explosives.

■ Error is assigned upon the proof of respondent Thompson-Cadillac Company that the contractor had a reputation for being careless on jobs requiring the use of high explosives. It appears, however, that, if the place where explosives are used is not, as a fact, within the finding of a jury, a business section of a city, then the burden is cast upon one complaining to show negligence on the part of the owner of the property in choosing one to do the work. The evidence objected to had a bearing upon that subject. An issue was made by the pleadings as to whether the explosion occurred in a business section.

■ The testimony on behalf of respondent Thompson-Cadillac Company, relating to the financial standing of Mossuto, assigned as error, was induced, as we understand the record, by testimony on behalf of the appellants that Mossuto's property rights and financial standing were taken into consideration in deciding that the contract should be awarded to him.

■ Testimony on behalf of respondent Thompson-Cadillac Company, concerning the financial condition of William R. Matthews, assigned as error, was pertinent upon the issue as to what, if any, beneficial interest he had in the property being improved.

There was abundant evidence of negligence in firing the blast.

Other assignments of error on this appeal have been effectively disposed of, adversely, by the discussion already had herein.

■ On the cross-appeal, it is claimed the court

erred in not entering judgment for the cross-appellant on the special verdict for nine hundred dollars against William H. Matthews and his wife and John Mossuto and his wife. This special verdict is supposed to represent and cover the loss of profits in being deprived of a demonstrator car for two weeks. The evidence on the subject was entirely too conjectural and speculative to justify the special verdict, or any recovery.

Another assignment on behalf of the cross-appellant is that the court erred in entering an order dismissing William R. Matthews from the action. In our opinion, the order was correct. The proof and also the general verdict were necessarily to the effect that William R. Matthews was not an owner of the lot being improved; that he was not the contractor doing the work; and that he did not fire or direct the blast that caused the damage.

Other assignments on the part of the cross-appellant are without substantial merit, and are sufficiently disposed of by what has already been said upon the cross-appeal.

Notwithstanding both appeals, the judgment is affirmed.

BEALS, C. J., HOLCOMB, and MILLARD, JJ., concur.