Henry W. Leonard, as Executor of Antoinetta Harney, Deceased, Respondent, *v.* William H. Harney, Appellant, Impleaded with Others.

Insurance (Life) — When the Proceeds of an Assignable Policy Become a Part of the Insured's Estate. The title to a policy of life insurance issued by a company, which is neither a fraternal nor a mutual benefit association, to the insured "(the beneficiary under this policy) or to the legal representatives or assigns of said beneficiary," upon an application in which he directed that the insurance should be paid "to whom I may direct in my will," where he bequeaths to his wife the balance due on the policy after the satisfaction of a debt, to secure which it had been assigned, and appoints her executrix, vests in the widow, not as a beneficiary under the policy, but as executrix; as a specific legatee, however, she is entitled to the proceeds, except as against creditors of the estate.

*Leonard* v. *Harney*, 63 App. Div. 294, modified.

(Argued January 9, 1903; decided January 27, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered August 16, 1901, reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and directing judgment for plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James E. Chandler* for appellant. The learned trial justice correctly construed the words "legal representatives" as they are found in the policy under review, by giving to those words their ordinary signification. (*Sulz* v. *M. R. F. L. Assn.*, 145 N. Y. 563; *Dannhauser* v. *Wallenstein*, 169 N. Y. 199; *Hight* v. *Sackett*, 34 N. Y. 447; *Matter of Knoedler*, 140 N. Y. 377.) The policy in question not being in any legal sense a wife's policy, was not exempt from the demands of creditors. (*Amberg* v. *M. L. Ins. Co.*, 171 N. Y. 314; *Blood* v. *Kane*, 130 N. Y. 514.)

*James Stikeman* and *Arthur M. Silber* for respondent. Plaintiff is entitled to the insurance according to the terms of

the policy. (*Griswold* v. *Sawyer*, 125 N. Y. 411; Code Civ. Pro. § 2713; *Vedder* v. *Saxton*, 46 Barb. 188.) Plaintiff is entitled to the insurance according to the terms of the application and the will. (*Griswold* v. *Sawyer*, 125 N. Y. 415.)

CULLEN, J. The Provident Savings Life Assurance Society in 1887 issued to William A. Harney, deceased, an insurance policy on his life whereby on proof of death it promised to pay " to William A. Harney (the beneficiary under this policy) or to the legal representatives or assigns of said beneficiary " the sum of ten thousand dollars. In the application for the policy in answer to the question " name in full of the beneficiary for whose benefit the insurance is applied for," Harney wrote " to whom I may direct in my will." He subsequently assigned this policy as collateral security for the payment of a debt of about $7,300. By his will be bequeathed to his wife, the respondent's testator, the balance or surplus due on the policy after satisfaction of the debt to secure which it had been assigned, and appointed her executor of the will. On Harney's death his widow demanded in her personal right the surplus due on the policy. The defendant, claiming that he was a creditor of the deceased, notified the insurance company not to pay it to her. Thereupon the insurance company brought an action of interpleader against Mrs. Harney personally and the defendant, but did not make the former a party to that action in her representative capacity. The insurance company paid the money into court and dropped out of the action, which was continued between Mrs. Harney and the defendant. The trial court rendered judgment dismissing the complaint, holding that the fund belonged to the estate of the deceased, but did not award its possession to any person. The Appellate Division reversed the judgment of the Special Term and granted final judgment awarding the fund to the plaintiff.

We think the learned Appellate Division erred in its view as to the title to the policy and that the plaintiff can claim the

insurance moneys only as legatee under the will of her husband, not as beneficiary under the policy. The case is not at all similar to that of *Griswold* v. *Sawyer* (125 N. Y. 411). In that case the policy was payable "to his (the insured's) legal representatives ninety days after due notice and satisfactory evidence" of his death. It was held that under the surrounding circumstances the term "legal representatives" was to be construed as meaning his children and questionably his widow, not his administrator or executor. In the present case the contract is to pay the deceased, his personal representatives or assigns. Not only was the policy by its terms assignable by the insured, but as a matter of fact he assigned it, a fact wholly inconsistent with title in any other person than him. This is very clearly pointed out by Judge EARL in the case of *Griswold* v. *Sawyer* (*supra*), the principal ground on which that case proceeded being the omission of the word "assigns" in the policy. The learned judge wrote: "The word 'assigns,' which is usually found in policies which are assignable by the insured, is also omitted from this policy, indicating that the parties did not understand that they were dealing with an assignable policy. It is elementary law that where a policy is for the benefit of persons named therein to whom the sum insured is payable, it cannot be assigned without the consent of the persons named and all of them. The insured may destroy the policy by omitting to pay the premiums and thus failing to keep it in life, but he cannot impair the interests of the persons named as beneficiaries by a surrender or assignment thereof." The ordinary meaning of the term "personal representatives" is executors or administrators, and there is nothing even in the application of the insured for the policy to give that term a different construction. He asked that a policy be issued payable to the person he may nominate in his will. It might be sufficient answer to say that such is not the policy the insurance company elected to issue to him. But, aside from that consideration, a policy which was at all times to be assignable by the deceased, and the beneficiary of which was to be desig-

nated only by his will, an ambulatory instrument, susceptible of revocation or change, taking effect only on his death, would necessarily be the property of the deceased and part of his estate. Of course, these remarks do not apply to insurance in fraternal or mutual benefit organizations, where the statute prescribes a different rule.

The plaintiff's title was, therefore, only that of legatee, but as a specific legatee she was entitled to the fund except as against creditors of the estate of the deceased. The learned trial court did not find that the defendant was a creditor of the deceased, nor does the evidence establish that fact. . The Appellate Division was, therefore, right in reversing the judgment, but it should not have awarded final judgment for the plaintiff, since it might be that on another trial the defendant could establish his claim. It follows that the judgment appealed from must be modified so as to grant a new trial of the action.

It appears from the opinion of the Appellate Division, referring to the affidavits used on a motion to dismiss the appeal to that court, that pending that appeal the respondent's testatrix, as executor of the will of her deceased husband, had recovered the fund in suit. There can be no question as to the propriety of that recovery, and in the administration of the estate of the insured the rights of all parties will be protected. It would seem, therefore, that the litigation now before us is unnecessary, and we regret that in the present state of the record it is not within our power to finally dispose of the action, the expense of which, in proportion to the amount involved, must bear heavily on the parties. As this is an equity action, the costs are in our discretion. We, therefore, direct that the costs of this appeal abide the final award of costs in the action. It will thus be within the power of the Supreme Court to relieve the parties from the costs of the litigation by discontinuance or otherwise.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur.

Ordered accordingly.