[No. 11894.   Department Two.   March 19, 1915.]

ABERDEEN CONSTRUCTION COMPANY, *Appellant*, v. THE CITY OF ABERDEEN, *Respondent*.[1]

INDEMNITY—IMPLIED CONTRACT—VOLUNTARY PAYMENT.   Where a contractor on city work, legally liable to his employee for damages for personal injuries occasioned by putting the employee in an unsafe place to work, paid the damages in a reasonable amount before judgment rendered, the payment was not such a voluntary one as to preclude recovery over against the city, when the latter was primarily liable for the unsafety of the place provided.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS — CONTRACTS— PROTECTION FROM LIABILITY.   A stipulation in a contract for public work that the contractor "agrees to save the city free and harmless from any and all loss, damage or liability caused by any neglect or want of care, or any act or omission done or suffered to be done by the said contractor, its agents, servants, employees or subcontractors in the performance of said contract," has reference only to damages occurring from the negligence of the contractor and cannot be held to protect the city from injuries caused by its own negligence or carelessness.

INDEMNITY—IMPLIED CONTRACT—JOINT TORT FEASORS.   Where a contractor on city work does the work in accordance with the city's defective plans and specifications, protesting that they were unsafe and on the assurance by the city that they were safe, the contractor is not *in pari delicto* with the city, and may recover from it such damages as he has been compelled to pay an injured employee by reason of the dangerous condition of the place arising from making the improvement in accordance with the plans and specifications.

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — CONTRACTS— WARRANTY OF PLANS.   Warranty of the plans and specifications under which a contractor does city street grading cannot be imputed to him in the absence of any stipulation in the contract to that effect, and the city alone can be held liable as warranting the sufficiency of the plans and specifications.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 20, 1913, upon sustaining a demurrer to the complaint, dismissing an action for contribution.   Reversed.

[1]Reported in 147 Pac. 2.

*Ballinger, Battle, Hulbert & Shorts,* for appellant.

*A. Emerson Cross* and *John C. Hogan,* for respondent.

CROW, J.—Action by Aberdeen Construction Company, a corporation, against the city of Aberdeen, for contribution. From an order sustaining a demurrer to the complaint and dismissing the action, the plaintiff has appealed.

The only question presented is whether the complaint states a cause of action. Omitting formal parts, it in substance alleges, that on or about May 31, 1910, appellant entered into a contract with respondent for the improvement of certain streets in the city of Aberdeen, in accordance with plans and specifications prepared by the city, the work to be done under the direction of the city engineer; that a part of the work to be performed—the grading of certain streets—required deep cuts, leaving high, perpendicular banks on either side; that the plans and specifications required appellant to leave such perpendicular banks in making excavations, so that the city would have less excavation for which to pay, and would not be required to condemn adjoining property; that on July 25, 1911, while appellant was engaged in performing this contract and without fault upon its part, but entirely by reason of the carelessness and negligence of respondent's officers who prepared the plans and specifications, which were defective, a large portion of a perpendicular bank, without warning, caved in, gave way, struck the arm of a steam shovel then operated by appellant, and caused the arm to swing around, strike, and seriously injure one Austin F. Brockett, a teamster then in appellant's employ; that the injuries to appellant's employee were caused proximately and primarily by respondent's negligence, in that by the plans and specifications it required high, perpendicular embankments instead of having them sloped in a safe manner; that the bank which caved and fell had been excavated and finished in accordance with the plans and specifications; that the city engi-

neer assured appellant and its employees the bank was safe; that as a matter of fact it was unsafe and dangerous; that appellant and its officers had complained to respondent and its engineer of the danger of excavating streets in the manner required, but that respondent required appellant to proceed according to the plans and specifications, and that the engineer, after inspection, assured appellant and its employees that the bank was safe; that on December 23, 1912, the injured employee, Austin F. Brockett, commenced an action against appellant for damages in the sum of $30,000, alleging that appellant had been negligent in failing to furnish him a reasonably safe place in which to work; that on January 14, 1913, appellant settled the action for $7,309, which sum it then paid in full satisfaction and discharge of the damage sustained; that the sum so paid was reasonable compensation; that on January 23, 1913, appellant filed with respondent a claim for the amount paid to Brockett, but that the claim was rejected by the city council.

Appellant, basing its right to recover on the doctrine announced in *Alaska Steamship Co. v. Pacific Coast Gypsum Co.*, 71 Wash. 359, 128 Pac. 654, and the cases therein cited, contends that the accident and injuries to its employee were caused primarily by the carelessness and negligence of the respondent city, in that it caused defective plans and specifications to be prepared by its engineer; that the work was to be done under the supervision and direction of the engineer; that appellant was required to comply with the specifications and supervision of the engineer; that the defective plans were the primary cause of the accident; that while appellant was required to provide its servant a safe place in which to work, yet as between appellant and the respondent city, appellant was not negligent; that appellant and respondent were not *in pari delicto;* that the plans and specifications were warranted by respondent and not warranted by appellant, and that, as the accident was primarily caused by the defective plans, appellant is entitled to contribution.

Respondent contends that, as no judgment was entered against appellant in favor of its injured employee, the payment of damages made by appellant was voluntary and no recovery can now be had; that appellant is debarred from maintaining this action by reason of the terms of its contract with respondent, which, *inter alia,* provides that "the said contractor further agrees to save the city free and harmless from any and all loss, damage or liability caused by any neglect or want of care, or any act or omission done or suffered to be done by the said contractor, its agents, servants, employees or subcontractors in the performance of said contract;" that conceding respondent was negligent, it and appellant being joint tort feasors, appellant had no right to contribution for damages paid; and that, as appellant knew the perpendicular bank was dangerous, it was guilty of such gross negligence in permitting its employees to work within the zone of danger that it cannot now recover from respondent.

The allegations of the complaint being admitted for the purposes of the demurrer, it is conceded that the employee was injured in the manner alleged; that as between him and appellant the latter was liable; that the action was brought and that the damages paid were reasonable in amount. It follows, therefore, that no question as to the amount of damages paid is raised by the demurrer. In *Alaska Steamship Co. v. Pacific Coast Gypsum Co., supra,* the plaintiff paid damages without the entry of any judgment; yet its right to maintain an action for contribution was sustained.

"To entitle one to contribution the payment must be compulsory in the sense that the party paying was under legal obligation to pay, but according to the weight of authority it is not necessary to make the payment involuntary that suit should have been instituted against the person seeking contribution or that a levy should have been made on his goods." 9 Cyc. 798.

Under the facts alleged in the complaint and admitted by the demurrer, it cannot be held that the payment which was

made by the appellant was voluntary or that the appellant is thereby precluded from a recovery in this action. The questions whether the payment was voluntary and whether the amount paid was a reasonable compensation, are issues of fact to be raised by the pleadings and determined upon a trial of the action.

It is manifest that the stipulation in the contract above quoted, upon which the respondent relies, was inserted for the purpose of protecting the respondent from any damage or disability caused by negligent acts of appellant or its employees, and not to protect respondent from injury or damage caused by its own negligence or carelessness. The stipulation of itself is not sufficient to preclude appellant from a recovery on the cause of action pleaded.

The principal question before us is whether appellant and respondent were joint tort feasors, and, if so, whether appellant stands in such a relation to respondent with reference to the facts involved as will preclude it from obtaining contribution. The doctrine announced in *Alaska Steamship Co. v. Pacific Coast Gypsum Co.*, *supra*, upon which appellant relies, is sufficient to sustain its contention. Conceding that appellant and respondent are joint tort feasors, it is a well-recognized principle of law that, to preclude appellant from recovering, it and respondent must stand *in pari delicto*. In *Lowell v. Boston & L. R. Corporation*, 23 Pick. 24, 34 Am. Dec. 33, the court said:

"Our law, however, does not in every case disallow an action by one wrong-doer against another, to recover damages incurred in consequence of their joint offence. The rule is *in pari delicto potior est conditio defendentis*. If the parties are not equally criminal, the principal delinquent may be held responsible to his co-delinquent for damages incurred by their joint offence. In respect to offences, in which is involved any immoral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offence is merely *malum prohibitum*, and is in no respect immoral, it is not against the

policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrong-doers."

The facts pleaded in this case show that the defective plans and specifications were adopted by respondent, and that the appellant contracted to do the work in accordance therewith under the direction and supervision of the city engineer. This contract imposed an obligation to do the work in the manner required. This appellant did. In the absence of any stipulation in the contract that appellant warranted the sufficiency of the plans and specifications, no such warranty can be imputed to it. We in substance so held in *Huetter v. Warehouse & Realty Co.*, 81 Wash. 331, 142 Pac. 675. No such warranty by appellant has been called to our attention. It necessarily follows that the sufficiency of the plans and specifications was warranted by the city. To now hold, as a matter of law, that appellant, in performing its contract in accordance with such plans and under the direction of the city engineer, was in equal fault with the respondent or was guilty of negligence as between it and respondent, would be unjust. The only wrong charged against appellant as between it and its employee involved no moral delinquency or turpitude, nor was its offense one that can be considered a *malum prohibitum* or immoral in any respect. It therefore should not be held to be against the policy of the law to inquire into the relative delinquency of appellant and respondent.

Assume that respondent had let the contract to an individual instead of the appellant corporation, and that such individual had been doing the work personally in accordance with the plans and specifications under the direction of the city engineer, and upon his assurance that the banks were free from danger, and assume that the contractor had been injured by the bank falling upon him; it would hardly be contended as a matter of law that he could not recover damages from the city. At most, under such circumstances, the

questions whether he assumed the risk or had been guilty of contributory negligence would be issues of fact which should be submitted to the jury. While it must be conceded that, as between it and its employee, appellant was guilty of negligence in failing to furnish the employee a safe place in which to work, it would seem that, as between it and the respondent municipality, it should not be held guilty of negligence, as a matter of law, in performing the work in exact compliance with the defective plans and specifications and under the supervision of the city engineer. In *Potter v. Spokane*, 63 Wash. 267, 115 Pac. 176, this court held that the city was liable for damages where it appeared that the injury was caused by a defect in the plans and specifications and was not due to defective workmanship. We there said:

"The evidence abundantly showed that the bulging out and collapse of the fill was due to a defect in the plans of the work, and not to defective workmanship. In such a case, the person authorizing the work cannot escape liability for injuries incurred thereby by intrusting the work to an independent contractor. *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310; *Seattle Lighting Co. v. Hawley*, 54 Wash. 137, 103 Pac. 6."

In view of our holdings in the above case and in *Alaska Steamship Co. v. Pacific Coast Gypsum Co., supra*, we conclude that the complaint stated a cause of action.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

MORRIS, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.