In re VILES. In re CORWIN'S ESTATE. Appeal of ACKERLY.

(Supreme Court, Appellate Division, Second Department. November 12, 1915.)

INSURANCE ☞589—POLICY—CONSTRUCTION—"LEGAL REPRESENTATIVE."

Where a life policy was payable to the insured's wife or his "legal representatives," and the wife predeceased him, and he was survived by a daughter as his only heir and next of kin, the proceeds of the policy belonged to the daughter personally; the term "legal representatives" being equivalent, in view of the omission of the ordinary term "assigns," to next of kin.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1472–1474; Dec. Dig. ☞589.

For other definitions, see Words and Phrases, First and Second Series, Legal Representative.]

Appeal from Surrogate's Court, Kings County.

Proceeding upon the judicial settlement of the account of Jeanie Corwin Viles, formerly Jeanie S. Corwin, as administratrix of the estate of B. Ryder Corwin, deceased. From the decree of the surrogate (86 Misc. Rep. 170, 149 N. Y. Supp. 121), approving the account, Orville B. Ackerly appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, MILLS, RICH, and PUTNAM, JJ.

Darwin J. Meserole, of Brooklyn, for appellant.

Frederick C. Tanner, of New York City (Edward Gates, of New York City, on the brief), for respondent.

PER CURIAM. We think that the conclusion of the Surrogate's Court that the term "legal representatives," as used in the policy of insurance, meant the next of kin, and not the administrator, should be approved. The policy of $3,000 taken out by the decedent was payable "to his wife, Jane S. Corwin, if living; otherwise, to his legal representatives." The court found that the word "assigns" was omitted therefrom. A stipulation, which was agreed upon as the sole source of proof, showed that decedent's said wife predeceased him, that the accountant is his daughter, only heir, and next of kin, that she lived with the decedent until his death, that decedent died without real property, possessed of personalty, aside from the proceeds of the insurance, of but $1,479.69, and that decedent was not a lawyer.

We think that this conclusion may be sustained by the authority of Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464. Cullen, J., in Leonard v. Harney, 173 N. Y. 352–354, 66 N. E. 2, said that the principal ground, as "very clearly pointed out by Judge Earl in the case of Griswold v. Sawyer," upon which Griswold v. Sawyer was decided, was the omission of the word "assigns" in the policy. Other considerations like unto some of those which moved the court in Griswold v. Sawyer may be urged in this case, such as the general purpose of life insurance, the financial condition of the decedent, as revealed at his death, the existence of a wife and of a daughter, who resided with him, and the fact that decedent was not a lawyer. We see no reason

for disturbance of. the court's disposition of the item in her accounts for funeral expenses, in the absence of cross-examination of the accountant, and of any evidence offered as to the unreasonableness of the charge.

The decree of the Surrogate's Court of Kings County is affirmed, with costs to the respondent, payable out of the estate.