[No. 13995.  Department Two.  June 22, 1917.]

ABERDEEN CONSTRUCTION COMPANY, *Respondent*, v. THE
CITY OF ABERDEEN, *Appellant*.[1]

CONTRIBUTION — COMMON LIABILITY — JOINT WRONGDOERS — NEGLI-
GENCE—ACTIONS—INSTRUCTIONS.  In an action by a contractor against
the city for contribution on account of damages paid to an employee
for personal injuries sustained through the alleged defective plans
and negligence of the city engineer, instructions are proper where
they are to the effect that plaintiff cannot recover if plaintiff and
the injured employee knew of the danger and assumed the risk;
that, if the employee knew of the danger he assumed the risk and
plaintiff could not recover; that, if the employee did not know of
the danger, he could recover of his principal, but the principal could
not recover from the city, where both the city and principal knew
of the danger, since they were *in pari delicto*, and there can be no
contribution between joint tort feasors.

Appeal from an order of the superior court for Grays
Harbor county, Abel, J., entered July 1, 1916, granting a
new trial, after the verdict of a jury rendered in favor of the
defendant, in an action for contribution.  Reversed.

*John C. Hogan* and *A. Emerson Cross*, for appellant.

*Ballinger, Battle, Hulbert & Shorts* and *Boner & Boner*,
for respondent.

MOUNT, J.—This appeal is from an order of the lower
court granting a motion for a new trial.  The action was
brought by the plaintiff to recover the sum of $7,309, paid
by the plaintiff to an injured employee.  The action is based
upon a complaint which is set out in *Aberdeen Construction
Co. v. Aberdeen*, 84 Wash. 429, 147 Pac. 2, and need not be
here restated.  Upon that appeal, we held that the complaint
stated a cause of action against the defendant.  Thereafter
the city filed an answer, which, after denying the material
allegations of the complaint, alleged four separate affirma-
tive defenses, to the effect:  First, that the plaintiff was not

[1]Reported in 165 Pac. 1058.

liable to the injured employee, and therefore the payment which the plaintiff made to the employee was made voluntarily and gratuitously; second, that the injuries which the employee received were caused by his own carelessness and negligence, and that he assumed the risk of such injury; third, that the city never assumed or exercised any right or authority over the plaintiff under the contract, and that the plaintiff, in the performance of the contract, exercised an independent employment and pursued its own methods not subject to the control of the city or its engineers; that the injury to the employee did not result from any vice of the contract, and was not due to any defective plans or specifications or to any direction of the city engineer pursuant to which the defective work was done; and, lastly, that the plaintiff was aware of the condition of the earth embankment at the time the employee was injured, and that the dangers from the embankment were open and apparent to the plaintiff and to the injured employee and that both were negligent, and their negligence was the sole cause of the injury. Upon the issues made by the complaint and answer and reply, the cause was tried to the court with a jury. At the conclusion of the trial, the jury returned a verdict in favor of the defendant. The plaintiff thereupon moved for a new trial, and the motion was argued to Judge Irwin, who took it under advisement, but died before disposing thereof. Afterwards, the motion for a new trial was argued to his successor, and was sustained by an order, as follows:

"It is ordered by the court that said motion for new trial be granted solely upon the ground of error in the giving of instructions to the jury on the trial of said cause, to which exceptions were duly taken by plaintiff, and said motion is hereby denied upon all other grounds set forth in said motion for new trial, to which ruling of the court granting said motion for new trial defendant excepts and its exception is allowed, and to which ruling of the court refusing to grant such motion for new trial on other grounds, plaintiff excepts and its exception is allowed."

The instructions referred to in this order are as follows:

"No. 2.   You are instructed that, if you believe from a preponderance of the evidence, that the plaintiff construction company was engaged in grading streets in the city of Aberdeen under a contract with the city, and that the man Brockett was engaged on the work and while so engaged a portion of the finished side of the street under the construction work caved in and injured him, and that the caving in was owing to the embankment on the finished side of the street being too precipitous, and that it was so graded and finished under the instruction and direction of the city engineer, and if you further believe that the bank was such that the engineer knew or should have known, with the exercise of reasonable care and diligence in that regard, that the same was dangerous and was liable to slide, and that the man Brockett and the plaintiff construction company, or either of them, did not know that it was dangerous and liable to slide, then the plaintiff would be entitled to recover what would have been a reasonable compensation to Brockett for the injury sustained."

"No. 3.   On the question of contributory negligence of the man Brockett and the plaintiff, the construction company, or either of them, you are instructed that if Brockett or the construction company, either one, was guilty of negligence and carelessness which materially contributed to the accident which caused the injury to Brockett, then the plaintiff is not entitled to recover anything in this action; and on the question of whether either Brockett or the plaintiff was guilty of negligence and carelessness themselves, you should take into consideration whether or not it was negligence or carelessness on the part of Brockett to sit on the wagon when it was being loaded, and as to whether or not he had been warned not to sit there, and as to whether or not Brockett or the construction company, either one—and in that regard the president of the construction company, Andrew Peterson, and Carl Gylling, the superintendent of the construction company on the work, and Oberg, the foreman, or either one of them, must be considered as the representative of the construction company—knew that the bank where Brockett was working was dangerous and liable to cave in, then it would be contributory negligence on the part of Brockett to work under such conditions, and it would also be contributory negligence on the

part of the construction company to permit him to work under such condition, and if the likelihood of the caving in of the bank was open and apparent to any person working in the vicinity, and was open and apparent to Brockett or the construction company or the officers of the construction company, then they would assume the risk of working in such dangerous place, and the plaintiff would not be entitled to recover: . . ."

"No. 7.  I instruct you that, even though you should find that Brockett was entitled to recover from the Aberdeen Construction Company, it does not follow, as a matter of law, that the Aberdeen Construction Company is entitled to recover anything from defendant, city of Aberdeen; that even if the Aberdeen Construction Company, under these instructions, was liable to Brockett, yet the Aberdeen Construction Company could not recover from the city of Aberdeen anything in this action unless you are satisfied by a preponderance of the evidence that the injuries which said Brockett received were caused by defective plans and specifications or the carelessness and negligence of the city engineer of the city of Aberdeen in directing the manner in which a finished bank was sloped and that it was a portion of the finished bank that caved in and caused injuries to said Brockett; and you further find that the dangers of such bank caving in were known, or by the exercise of ordinary care should have been known, by the city engineer of the city of Aberdeen and was unknown to the plaintiff or its representatives in charge of the work."

It will be noticed that instruction No. 2 told the jury, in substance, that the construction company—the plaintiff—cannot recover unless the city engineer knew, or should have known, that the bank was dangerous and liable to slide, and also that Brockett and the plaintiff, or either of them, did not know that it was dangerous and liable to slide.

By instruction No. 3, the jury was told that, if either Brockett or the construction company knew the bank was dangerous and liable to cave in, then they were both guilty of contributory negligence and the construction company could not recover from the city, and also that, if the likeli-

hood of the bank caving in was open and apparent to
Brockett or the construction company, then they assumed
the risk and the construction company could not recover.

By instruction No. 7, the jury was told in substance that,
even though the accident was caused by defective plans and
specifications, or the carelessness or negligence of the city
engineer in directing the manner in which the finished bank
was sloped, and the dangers of such bank caving in were
known, or by the exercise of ordinary care should have been
known, by the city engineer, still the construction company
could not recover unless such dangers were unknown to said
company or its representatives in charge of the work.

It is argued by the respondent that these instructions were
erroneous because the law of the case was settled upon a con-
sideration of the sufficiency of the complaint when the case
was before us in 84 Wash. 429, *supra*. The principal ques-
tion upon the consideration of the sufficiency of the complaint
was whether the appellant and respondent, as shown by the
complaint, were joint tort feasors. We there said, at page
433:

"The principal question before us is whether appellant and
respondent were joint tort feasors, and, if so, whether appel-
lant stands in such a relation to respondent with reference to
the facts involved as will preclude it from obtaining contribu-
tion. The doctrine announced in *Alaska Steamship Co. v.
Pacific Coast Gypsum Co.*, *supra*, upon which appellant re-
lies, is sufficient to sustain its contention. Conceding that ap-
pellant and respondent are joint tort feasors, it is a well-
recognized principle of law that, to preclude appellant from
recovering, it and respondent must stand *in pari delicto*."

Then, after quoting from *Lowell v. Boston & L. R. Corpo-
ration*, 23 Pick. 24, 34 Am. Dec. 33, we continued:

"The facts pleaded in this case show that the defective
plans and specifications were adopted by respondent, and
that the appellant contracted to do the work in accordance
therewith under the direction and supervision of the city en-
gineer. This contract imposed an obligation to do the work

in the manner required.  This appellant did.  In the absence of any stipulation in the contract that appellant warranted the sufficiency of the plans and specifications, no such warranty can be imputed to it.  We in substance so held in *Huetter v. Warehouse & Realty Co.*, 81 Wash. 331, 142 Pac. 675.  No such warranty by appellant has been called to our attention.  It necessarily follows that the sufficiency of the plans and specifications was warranted by the city.  To now hold, as a matter of law, that appellant, in performing its contract in accordance with such plans and under the direction of the city engineer, was in equal fault with the respondent or was guilty of negligence as between it and respondent, would be unjust.  The only wrong charged against appellant as between it and its employes involved no moral delinquency or turpitude, nor was its offense one that can be considered *a malum prohibitum* or immoral in any respect. It therefore should not be held to be against the policy of the law to inquire into the relative delinquency of appellant and respondent.

"Assume that respondent had let the contract to an individual instead of the appellant corporation, and that such individual had been doing the work personally in accordance with the plans and specifications under the direction of the city engineer, and upon his assurance that the banks were free from danger, and assume that the contractor had been injured by the bank falling upon him; it would hardly be contended as a matter of law that he could not recover damages from the city.  At most, under such circumstances, the questions whether he assumed the risk or had been guilty of contributory negligence would be issues of fact which should be submitted to the jury.  While it must be conceded that, as between it and its employee, appellant was guilty of negligence in failing to furnish the employee a safe place in which to work, it would seem that, as between it and the respondent municipality, it should not be held guilty of negligence, as a matter of law, in performing the work in exact compliance with the defective plans and specifications and under the supervision of the city engineer."

All that was then said was based upon the allegations of the complaint, which were taken as true.  The complaint alleged that the whole fault was the fault of the plans made by

the city and adopted by the city. It was alleged that the plaintiff was free from fault. Upon these allegations, the complaint was held sufficient. An answer was afterwards filed, and this answer alleged that the whole fault was the fault of the plaintiff, and that whatever sum it paid to this injured employee was by reason of the fault of the plaintiff, so that, when the case was tried upon the issues joined, the question was not of equal fault, but was whether the plans were defective and the injury was caused solely thereby, or whether the plaintiff was wholly at fault in the injury which occurred to its employee. So that the question of comparative negligence, or equal negligence, was not in issue in the case. That question was presented in the case, which was here upon a demurrer to the complaint, only because it was contended that the complaint showed that the parties—the city and the contractor—were each guilty of negligence, and upon that question the discussion was made in the opinion which we have quoted hereinbefore. We there held that the complaint was sufficient because it did not show that the parties were *in pari delicto*. We think the instructions do not violate the rule there stated, because they tell the jury in substance that, if the parties were equally guilty of negligence, there can be no recovery by one against the other. The injured employee of the plaintiff stood in the same position as the plaintiff itself, and in the assumption which was made in that case to the effect that, if the work had been let to an individual, and, upon the assurance of the city that the banks were free from danger, the individual had been injured by the bank falling upon him, it would hardly be contended, as a matter of law, that he could not recover for the injury. We said:

"Whether he assumed the risk or had been guilty of contributory negligence would be issues of fact which should be submitted to the jury."

It seems clear that the plaintiff in this action may not recover for the injury to the employee if the plaintiff and the injured employee knew of the danger and assumed the risk.

If the plan for doing the work was inherently dangerous, and the plaintiff undertook to do that work knowing of the danger, clearly it could not recover from the city for an injury received by it. If an employee of the plaintiff, knowing the danger, was injured, he would clearly assume the risk the same as his principal. If the employee did not know the danger, he could recover from his principal, and his principal could not recover from the city, because both the city and the plaintiff, both knowing the danger, would be *in pari delicto*. If the city and the construction company were *in pari delicto*, it does not follow that an injured employee, who did not know of the danger, could not recover from his principal. This, we think, is conclusive of the question presented upon these instructions. We are satisfied they correctly presented to the jury the law of the case and that, as between the plaintiff construction company and the city of Aberdeen, they were proper instructions. We conclude, therefore, that the trial court was in error in granting a new trial.

The order is therefore reversed, and the cause remanded with instructions to enter a judgment upon the verdict.

ELLIS, C. J., PARKER, and HOLCOMB, JJ., concur.