65 N.J. Super. 274 (1961)
167 A.2d 655
FRANCIS S. HILDEBRANDT, RUSSELL CARIDAD AND THOMAS DAIRE, PLAINTIFFS-APPELLANTS,
v.
HAROLD J. BAILEY, FIRE CHIEF OF THE TOWN OF BLOOMFIELD, TOWN OF BLOOMFIELD, A MUNICIPAL CORPORATION OF NEW JERSEY, AND CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1960.
Decided January 27, 1961.
*276 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Abram A. Lebson argued the cause for the appellants (Messrs. Lebson & Prigoff, attorneys).
Mr. Joseph D. Lintott argued the cause for the respondents Harold J. Bailey, Fire Chief of the Town of Bloomfield and Town of Bloomfield.
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondent Civil Service Commission of the State of New Jersey (Mr. David D. Furman, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Plaintiffs appeal from the dismissal of their complaint for declaratory judgment.
The complaint recites that plaintiffs are members of the Bloomfield paid fire department, and members of the New *277 Jersey Firemen's Mutual Benevolent Association (FMBA) and of Local 19 of FMBA; that Caridad is president and Daire secretary of Local 19, and Hildebrandt is the representative of Local 19 to the FMBA. Paragraph 2 of the complaint says "Plaintiffs Russell Caridad and Thomas Daire bring this action on their own behalf, and Francis S. Hildebrandt and the other Plaintiffs bring this action on behalf of all paid firemen of the State of New Jersey who may be similarly involved."
The complaint then alleges that on or about March 31, 1959 Caridad and Daire
"* * * were fined five days' pay as the result of their participation in the circulation of a letter which commented on the use of the Fire Chief's car, allegedly for private or personal means of transportation for Town officials. Said fine was imposed pursuant to the Bloomfield Fire Ordinance, Article 15, Section 2(p), adopted April 18, 1938, which reads as follows:
`Charges may be preferred against any member of the Fire Department by any officer of the Department or any private citizen for any one or more of the following offenses:

* * * * * * * *
`(p) publicly commenting on the official action of a superior officer, mayor, or member of the Town Council.'
No written charges were filed, and no hearing nor a chance to establish their innocence or guilt were afforded to the firemen involved.
4. New Jersey Statutes 40:47-6 provides that a fireman in a municipal paid fire department (such as the Township of Bloomfield) shall not be suspended, removed or fined, except after written charges and a hearing upon said charges to afford a reasonable opportunity for defense to the affected member of the fire department."
The complaint then points out that, under N.J.S.A. 40:47-10, a fireman in non-civil service municipalities "who has been convicted of any violation of any of the rules or regulations" of the fire department may appeal his conviction to the county court, whereas "The Township of Bloomfield, in 1940, adopted the provisions of the Civil Service Law of the State of New Jersey. New Jersey Statutes 11:15-1, 11:2A-1 and 11:22-24, relating to suspension *278 and fines for disciplinary purposes under the Civil Service Law, provide, among other things, that the right of appeal of an employee only exists from a suspension or fine for a period greater than five days at one time."
The complaint then alleges:
"7. Under the law as it existed prior to the adoption of Civil Service by the Township of Bloomfield, a fireman charged with a violation of a local ordinance had a right to written charges and a plenary hearing, or in the absence of same could appeal a suspension or fine to the courts. If the provisions of the Civil Service Act, as hereinabove set forth, are the exclusive remedy of a fireman in a municipality adopting the provisions of that Act, despite the protection of New Jersey Statutes 11:22-24, there is a gap in the law relating to firemen who are suspended or fined for a period of less than five days.
8. By reason of the apparent omission or inconsistency in the Statutes of New Jersey, as herein set forth, Plaintiffs Russell Caridad and Thomas Daire, and Plaintiff Francis S. Hildebrandt and the other firemen who might be similarly situated, are uncertain as to their rights and status, as provided by the Statutes herein set forth, and must necessarily ascertain whether or not they have been deprived of rights given to them by the provisions of Title 40, when Title 11 has been adopted by their municipality, because of the apparent failure of Title 11 to preserve their vested rights to a hearing and defense of a charge resulting in a fine or suspension involving a period of five days or less. Such conviction, besides the penalty involved, carries with it a record against the individuals involved, affecting promotions, salary, benefits, and ultimately pension advantages."
Plaintiffs therefore demanded judgment declaring that the quoted provisions of the ordinance "which Firemen Caridad and Daire are accused of violating, are unreasonable, illegal, unconstitutional and void, being in violation of the guarantees of freedom of speech contained in Article 1, Section 6, of the Constitution of New Jersey," and that
"(1) The remedies prescribed in Title 11 (Civil Service) and Title 40 (Non-Civil Service) of the New Jersey statutes are inconsistent and, therefore, a fireman has a right to be confronted with written charges, under the provisions of Title 40. even though he may have no right of appeal to the Civil Service Commission under the provisions of Title 11.
*279 (2) In the alternative, that Title 11 is unreasonable, illegal, unconstitutional and void, in this respect, insofar as it deprives a member of a paid fire department of the right to a fair trial where the punishment imposed is a suspension or fine of five days or less.
(3) The Plaintiffs have a constitutional right of appeal to the Courts of New Jersey from a suspension or fine imposed without a hearing for violation of a municipal ordinance, even though no remedy is provided by the Civil Service Act in such a case where the sentence imposed is five days or less in duration."
Respondents argue that the judgment should be affirmed because the plaintiffs "had no standing" to sue in their own behalf "or as a member of a class for declaratory relief." The trial court held that the allegations of the complaint were not sufficient, under R.R. 4:36, to make it a class action, citing Schnitzer and Wildstein, New Jersey Rules Service, AIV 1126-27, and 3 Moore's Federal Practice, par. 23.06, pp. 3423-24. Since our decision would be the same even if this were a class action, we need not decide whether the allegations of this complaint are sufficient to make it one. If the insufficiency of the allegations were the sole obstacle, it could be cured by amendment. Schnitzer and Wildstein, ubi supra, 1127, 1129; Behrman v. Egan, 9 N.J. Super. 171, 176 (App. Div. 1950).
As firemen whose working conditions are governed by said ordinance, the three plaintiffs have the requisite standing to institute an action for a declaratory judgment to determine the validity of the quoted section. Kane v. Walsh, 295 N.Y. 198, 66 N.E.2d 53, 163 A.L.R. 1351 (Ct. App. 1946); Annotation 174 A.L.R. 549, 558-560 (1948). In determining whether a plaintiff has the necessary standing to institute suit it is immaterial that ultimately he probably will not prevail. 16 Am. Jur., Declaratory Judgments § 14, p. 289; King v. Priest, 357 Mo. 68, 206 S.W.2d 547 (Sup. Ct. 1947). Conversely, even though the plaintiff has standing to institute suit, the court may, nevertheless, in the proper exercise of its discretion refuse to render a declaratory judgment.
*280 Here, the trial court properly held that plaintiffs' attack upon the section of the ordinance did not present "a justiciable controversy ripe for judicial determination" but was rather one in which it was sought "to decide or declare rights * * * upon a state of facts which are future, contingent and uncertain." This may not be done. Lucky Calendar Co. v. Cohen, 20 N.J. 451, 454 (1956). See also International Longshoremen's and Warehousemen's Union v. Boyd, 347 U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650 (1954); West v. Bank of Commerce & Trusts, 153 F.2d 566, 174 A.L.R. 848 (4 Cir. 1946).
It must be borne in mind that plaintiffs Caridad and Daire did not seek the reversal or recovery of their fines in the action before us, probably because of Duke Power Company v. Patten, 20 N.J. 42 (1955), and Carls v. Civil Service Commission of N.J., 17 N.J. 215 (1955). Plaintiffs say, in their brief, that they are "not particularly concerned with what had already taken place * * * except to show it as an illustration * * * [of what may happen again]. Plaintiffs do not in this proceeding expect any specific relief * * * concerning the fines." What they are interested in, insofar as the ordinance is concerned, is to establish their rights as against future action of Bloomfield.
If the challenged section of the ordinance were unconstitutional on its face, plaintiffs would be entitled to a declaratory judgment so stating, American Federation of Labor v. Reilly, 113 Colo. 90, 155 P.2d 145, 151, 160 A.L.R. 873 (Sup. Ct. 1945); but it is not. Kane v. Walsh, supra; State ex rel. Curtis v. Steinkellner, 247 Wis. 1, 18 N.W.2d 355 (Sup. Ct. 1945); City of St. Petersburg v. Pfeiffer, 52 So.2d 796 (Fla. Sup. Ct. 1951). True, the language of the section is very broad, and it is possible that Bloomfield may in the future attempt to do something under it which would illegally encroach upon the firemen's rights. If that happens, the courts will prevent or redress such action, but only upon a specific set of facts upon which it can be determined whether the municipality has gone too far.
*281 "* * * [T]he courts will not enter into a speculative inquiry for the purpose of condemning statutory provisions the effect of which in concrete situations not yet developed cannot be definitely perceived." 16 Am. Jur. § 28, p. 302; International Longshoremen's and Warehousemen's Union v. Boyd, supra; American Federation of Labor v. Reilly, supra.
Assuming (but not deciding) that fining Caridad and Daire for the matters alleged in the complaint infringed upon their rights of free speech, the circulation of that particular letter, and the other circumstances which led to the fines will obviously not recur; and no declaratory judgment may now be given upon the hypothesis that similar happenings may occur in the future.
In Kane v. Walsh, supra [295 N.Y. 198, 66 N.E.2d 55], section 248 of the Rules of the New York Fire Department forbade firemen "the use of their names * * * in connection with any * * * printed article * * * in any magazine or newspaper, without the written approval of the Chief of Department," (66 N.E.2d, at p. 55). Kane and other firemen issued a statement to the press with reference to a dispute between the firemen and the municipal officials over working conditions. "Following the publication of that statement the defendant Fire Commissioner on May 29, 1944, directed the plaintiff, Vincent J. Kane, to make no further statements of any kind, either for publication or otherwise, concerning the members of the Association in relation to the Department, and further directed him to convey such order to all officers of the Association. The plaintiff Kane was also told by the Fire Commissioner `that unless his order was obeyed concerning the making of any statements that he would discipline each and every one responsible for any statement made, and would invoke the provisions contained in Rule 248 [§ 248] of the Rules of the Fire Department of the City of New York.'"
Kane demanded a declaratory judgment "declaring § 248 and the order issued by the defendant of May 29, 1944, to be illegal, arbitrary, unreasonable and unconstitutional." *282 (p. 56) The New York Court of Appeals held (p. 56), "section 248 is a reasonable exercise by the defendant Fire Commissioner of his right to prescribe rules and regulations affecting the discipline of the uniformed members of the Department," and:
"The legal presumption is not that such permission will be denied arbitrarily, unreasonably or capriciously. On the contrary  It is presumed that public officials will discharge their duties honestly and in accordance with the rules of law.' [citing cases] * * *
We think, however, that the defendant's order of May 29, 1944, was so broad in scope and so rigid in terms as to be arbitrary and unreasonable * * * we know of no statutory power granted to the defendant directly or by implication which permitted him to deprive the plaintiffs * * * of the right to make `statements of any kind, either for publication or otherwise, concerning the members of the Uniformed Firemen's Association, in relation to the Fire Department.'"
As indicating how essential it is that the court have before it a specific set of facts before declaring that a public employee's civil rights have been infringed, see the cases collected in the annotation in 163 A.L.R. 1358 (1946) and, in addition, State ex rel. Curtis v. Steinkellner, supra; State ex rel. Christian v. Barry, 123 Ohio St. 458, 175 N.E. 855 (Sup. Ct. 1931); Heidtman v. City of Shaker Heights, 163 Ohio St. 109, 126 N.E.2d 138 (Sup. Ct. 1955); La Prade v. Department of Water and Power, 146 P.2d 487 (Cal. App. 1944), rehearing denied 147 P.2d 420 (Cal. App. 1944), remanded for further testimony, 27 Cal.2d 47, 162 P.2d 13 (Sup. Ct. 1955); and compare Reagan v. Bichsel, 284 S.W.2d 935 (Tex. Civ. App. 1955), with City of St. Petersburg v. Pfeiffer, supra.
In Reagan v. Bichsel, supra [28 S.W.2d 936], a policeman was dismissed because while off duty he "had stated to two newspaper reporters, in substance, that he was a Texas leader of the National Association for the Advancement and Protection of White People, Inc., that Jewish people were plotting against the rest of the people, and *283 that any minister who preached brotherhood and social equality with the Negroes is following the Communist line * * * that Jews, Negroes and Communists sought an amalgamation of races through inter-marriage, and that certain races and religions sought to overthrow the white race. * * *" The dismissal was affirmed.
On the other hand, in City of Petersburg v. Pfeiffer, supra, "The charge was * * * in the presence of other members of the Fire Department, he made derogatory statements concerning * * * the Fire Department * * * and the Fire Chief's ability * * * that at said time he likewise made slanderous remarks about the character and conduct of the Chief * * *." Pfeiffer was found guilty and dismissed, but the Civil Service Commission reversed and reinstated him. The Supreme Court of Florida said, in affirming the reinstatement (52 So.2d, p. 796):
"We approach danger when we allow an employee to be disciplined for criticizing or voicing a want of regard for his superior's abilities. * * * An employee may express himself freely so long as he does not impair the administration of the service in which he is engaged. It is impossible to declare a rigid rule to fit all cases. Every employee owes allegiance to his employer and is duty bound to fulfill his job to the best of his ability. However, when his conduct becomes such as to materially harm the public interest in which he is engaged he forfeits the benefits of the civil service law. * * *
Civil service cannot be expected to compel personal admiration of one's superior. Personal loyalty and esteem is most generally a matter of mutual concern. As to how far an employee may go in heaping criticism upon his superior without injuriously affecting the administration of his department or the public generally, we are unable to declare by absolute rule or law. The facts of each must be considered with due regard to the public interest."
For the foregoing reasons, we conclude that the trial court rightly refused to render a declaratory judgment with reference to the challenged section of the ordinance.
We turn, then, to the other matters as to which plaintiffs asked for summary judgment.
*284 First, there is the demand for a declaration that "The remedies prescribed in Title 11 (Civil Service) and Title 40 (Non-Civil Service) of the New Jersey statutes are inconsistent and, therefore, a fireman has a right to be confronted with written charges, under the provisions of Title 40, even though he may have no right of appeal to the Civil Service Commission under the provisions of Title 11."
This merely seeks an advisory opinion. None of the plaintiffs are presently faced with charges, written or otherwise, nor have plaintiffs done anything by virtue of which they expect charges to be made against them. If a fireman does have the right to have the charges made against him in writing, there is no reason to believe that they will not be so made in the future by Bloomfield as well as other municipalities, even if Bloomfield has not done so in the case of Caridad and Daire. Kane v. Walsh, supra. On the other hand, if Bloomfield or any other municipality fails to do so in the future, that will present an actual controversy between parties immediately concerned, which the court will resolve.
Most of the reasons which support the refusal of the trial court to render a declaratory judgment as to the ordinance apply with equal force to the point now being discussed. In short, we perceive no abuse of discretion in the trial court's refusal to render a declaratory judgment on this point at the request of these three plaintiffs, who have no immediate need for it.
The disposition of the foregoing point makes it plain why the trial court also properly refused to render a declaratory judgment that "In the alternative, that Title 11 is unreasonable, illegal, unconstitutional and void, * * * insofar as it deprives a member of a paid fire department of the right to a fair trial where the punishment imposed is a suspension or fine of five days or less."
If a fireman does have the right, under Title 40, to have the charges presented to him in writing, as plaintiffs claim, the court would not reach the question of the constitutionality *285 of Title 11. Constitutional questions, more than any other, are not answered except when there is a present, imperative and inescapable need to do so. United Public Workers of America (CIO) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946); International Longshoremen's and Warehousemen's Union v. Boyd, supra.
Finally, plaintiffs ask for a declaration that "The Plaintiffs have a constitutional right of appeal to the Courts of New Jersey from a suspension or fine imposed without a hearing for violation of a municipal ordinance, even though no remedy is provided by the Civil Service Act in such a case where the sentence imposed is five days or less in duration." What we have said as to the other points applies to this one as well. In addition, the trial court indicated that since Caridad and Daire challenged their fines on constitutional grounds, they could have obtained review in the Superior Court, Law Division, by prerogative writ. Probably because the action now before us was begun beyond the time limited by R.R. 4:88-15, plaintiffs strenuously objected to having this complaint treated as one in lieu of prerogative writ and, therefore, made no request that the court enlarge the time under R.R. 4:88-15(c).
In short, as the court said in American Federation of Labor v. Reilly, supra, at 155 P.2d 151-152 "We cannot here decide any other of the various questions raised, however desirable it might be to have them settled, unless we are now willing to answer questions `which have not yet arisen and which may never arise,' and reply to mere `speculative inquiries.' We cannot thus permit the courts to be converted into legal aid bureaus."
The judgment is affirmed. No costs.